## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ALONZO LANARD BURRELL                                        PETITIONER

v.                                CIVIL ACTION NO. 3:18-CV-448-HSO-JCG

WARDEN E. MARTIN                                            RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241 (ECF No. 1) filed by Alonzo Lanard Burrell. Respondent Warden

E. Martin filed a Response (ECF No. 8) and a Memorandum in Support (ECF No. 9).

Burrell also filed a Traverse (ECF No. 12). Having considered the submissions of

the parties and the relevant legal authority, the undersigned recommends that the

Petition (ECF No. 1) be **denied** and the case **dismissed**.

## I. BACKGROUND

Burrell is currently incarcerated with the Federal Bureau of Prisons (the

BOP) at the Federal Correctional Complex in Yazoo City, Mississippi. He was

arrested in Birmingham, Alabama on April 20, 2009, and he was charged with three

counts of first degree robbery in state cases CC-2009-02854.00, CC-2009-002855.00,

and CC-2009-002856.00 (robbery charges). At the time of his arrest, he was on

probation for unlawful possession of marijuana and unlawful possession of a

controlled substance in state cases CC-05-473, CC-04-5364, CC-05-1930, and CC-05-

1929 (state possession charges). On May 29, 2009 and June 5, 2009, the Jefferson

County Circuit Court in Alabama revoked his probation and ordered Burrell to

serve the remainder of his original fifteen-year sentences on the state possession charges, with terms to run concurrently.

On August 26, 2009, Burrell was indicted in the Northern District of Alabama as a felon in possession of a firearm. He was tried in October 2009, and on June 17, 2010, the United States District Court for the Northern District of Alabama sentenced him to a 120-month term of imprisonment. The sentencing court ordered that his federal sentence be served consecutive to his sentences on the state possession charges. With respect to Burrell's robbery charges, the state circuit court sentenced him on January 31, 2011, ordering a five-year term on each charge, with the sentences to run concurrently to each other, his state possession sentences, and his federal sentence.

On November 19, 2015, Burrell was granted parole from his state sentences, and he was released to the exclusive custody of the United States Marshals on November 30, 2015. Originally, the BOP used November 30, 2015 as the commencement date in calculating Burrell's federal sentence, giving him prior custody credit for November 20, 2015 through November 29, 2015. His release date was thus set for August 6, 2024. However, through the administrative remedy process, Burrell asked to be credited for the time he served in state custody, beginning on April 20, 2009. During this process, the BOP sought the federal sentencing judge's position on whether Burrell's federal sentence should be served concurrently with his state robbery sentences. After the sentencing judge indicated no opposition, and in accordance with 18 U.S.C. § 3621, the BOP determined that a

2

retroactive *nunc pro tunc* designation was appropriate in Burrell's case, at least with respect to his robbery charges. However, because Burrell's federal sentence was still to be served consecutively to the sentences on his state possession charges, the designation could not be applied to any time served before the end of Burrell's sentences on his possession charges. The BOP determined that Burrell's sentences on his possession charges ended on February 15, 2013, and it used that date as the commencement date in recalculating Burrell's federal sentence. Currently, Burrell is scheduled to be released on November 1, 2021.

Burrell filed the instant petition on July 9, 2018. He argues that his sentence should "be corrected to reflect the concurrent sentencing scheme ordered by the state court." In his grievances, he sought prior custody credit or a *nunc pro tunc* designation. As such, the Court construes his pleadings as an argument that the BOP's retroactive designation is incorrect, as he is entitled to a greater credit and should be immediately released. Essentially, he argues that the time spent in state custody on his possession charges should also be credited, as his federal sentence was to run concurrently with his sentences on the robbery charges, and the state court ordered his robbery sentences to run concurrently with his sentences on the state possession charges. He does not address the fact that the federal sentencing court ordered his federal sentence be served consecutive to his state possession sentences.

## II. DISCUSSION

A petitioner may attack the manner in which his sentence is being executed

in the district court that has jurisdiction over his custodian pursuant to 28 U.S.C. §
2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Because Burrell seeks
to credit time spent in state custody towards his federal sentence, he "does not
question the legality of his conviction of the validity of the . . . federal prison term
imposed by the sentencing court. His attack instead focuses on the extent to which
his sentence has been executed." *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir.
1990) (quoting *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)). This
Court has jurisdiction over Warden Martin, thus Burrell's claims are properly
brought in this Court by means of a § 2241 petition. *Id.* at 78.

Federal habeas relief under 28 U.S.C. § 2241 is only available upon a
petitioner's demonstration that the execution of his sentence "violates the
Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21
(1975). Once a district court sentences a federal offender, "the Attorney General,
through the BOP, has the responsibility for administering the sentence." *United
States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, the
BOP—not the district court—has the authority to award credit against a federal
sentence for time spent in state custody under 18. U.S.C. 3585(b). *Id.* at 333; *United
States v. Benavides-Hernandez*, 548 Fed. App'x 278, 279-80 (5th Cir. 2013).

Under section 3585, a sentence commences "on the date the defendant is
received in custody awaiting transportation to, or arrives voluntarily to commence
service of sentence at, the official detention facility where the sentence is to be
served." Under (b):

4

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
>> (1) as a result of the offence for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offence for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. A defendant is not entitled to receive "double credit" for time he has served. *See Wilson*, 503 U.S. at 337. As such, a prisoner is not entitled to credit "for time during which the inmate was serving a state sentence for offenses unrelated to federal charges." *Valdez v. Mosely*, Civil Action No. 3:16-cv-239-TSL-RHW, 2018 WL 4622309, at *2 (S.D. Miss. Aug. 20, 2018) (citing *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971); *Taylor v. Holt*, 309 Fed. App'x 591, 593 (3d Cir. 2009)).

Burrell's April 2009 arrest resulted in the revocation of his probation on his state possession charges. These drug possession charges are unrelated to his federal charge, and the court ordered his federal sentence to be served consecutive to his unexpired state sentences on his possession charges. Burrell is thus not entitled to more credit than he has already received. This calculation is also unchanged by the fact that he was taken from state custody into federal custody for the federal prosecution. When a defendant in state custody "is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . . A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to

5

another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

Burrell's argument that he is entitled to a *nunc pro tunc* designation is similarly unavailing. "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990); *Rodriguez v. Pitzer*, 76 Fed. App'x 519, 520 (5th Cir. 2003)). "The decision whether to designate a facility as a place of federal detention 'is plainly and unmistakably within the BOP's discretion . . . .'" *Abdul-Malki v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)). However, the prisoner is "entitled to 'fair treatment' on his application for *nunc pro tunc* designation of the state facility as a place of confinement for his federal sentence." *Barden*, 921 F.2d at 483 (cited with approval in *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010); *United States v. Eiland*, 711 Fed. App'x 730, 731 (5th Cir. 2017)).

To receive such a designation, the federal sentence must be imposed before the state sentence, and the federal sentencing court must have intended that the federal sentence be served concurrently with a state sentence. *Pierce*, 614 F.3d at 160; *Rodriguez*, 76 Fed. App'x at 520. However, in this case, Burrell has two sets of state sentences. Although he satisfies the criteria with respect to the sentences on his robbery charges, he does not satisfy the criteria with respect to the sentences on

his state possession charges. Those sentences were imposed prior to his federal sentence, and the federal judgment clearly states that his federal sentence was to be served consecutive to his state possession sentences. Burrell is not entitled to a *nunc pro tunc* designation for time he spent in state custody on his possession charges. Therefore, the designation was only appropriate after those sentences expired, which did not occur until February 15, 2013.

Further, it is immaterial that the state circuit court, in sentencing Burrell on his robbery charges, ordered that his robbery sentence run concurrently to all of his other sentences. "A state court's designation of a state sentence as concurrent with a prior federal sentence creates no obligation on the Attorney General to provide a prisoner with credit for time served in the state prison." *Jones v. Ask-Carlson*, Civil Action No. 1:14-cv-139, 2015 WL 1822210, at *3 (W.D. La. Apr. 21, 2015) (citing *Jake v. Herschberger*, 173 F.3d 1059, 1065-66 (7th Cir. 1999)). Burrell is not entitled to prior credit beyond what he has already received, nor is he entitled to a greater *nunc pro tunc* designation, and the BOP has fulfilled its obligation to give "full and fair consideration" to his request.

## III. RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Petition of Alonzo Lanard Burrell for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **denied**.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

7

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 23rd day of August, 2019.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE